## OKER SONS CO v CINCINNATI (city) et

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 20, 1933

Goebel, Dock & Goebel, Cincinnati, for plaintiff.

John D. Ellis, City Solicitor, Cincinnati, Henry M. Bruestle, Cincinnati, and Francis T. Bartlett, Cincinnati, for defendants.

## OPINION

By HAMILTON, PJ.

We find it necessary to discuss but one proposition, and that question is the failure of the plaintiff to file an objection to the assessment and have a hearing before the equalization board.

The claim of the plaintiff is that the notice given, required by §3895, GC, did not set forth when protests against the assessment should be filed, with whom they should be filed, or when a hearing could be had. This leads to an examination of the requirements of the General Code sections, with the provisions of which it is necessary to comply in order to effect a valid assessment.

Sec 3847, GC, provides for the appointment of an assessing board: "When it is determined to assess the whole or part of the cost of an improvement in proportion to the benefit which may result therefrom, as provided for herein, the council may appoint three disinterested freeholders of the corporation to report to it the estimated assessment of such cost on the lots and lands to be charged therewith, in proportion as nearly as may be, to the benefits which may result from the improvement to the several lots or parcels of land so assessed, a copy of which assessment shall be filed in the office of the clerk of the corporation for public inspection."

Sec 3895, GC, provides: "Before adopting an assessment made as provided in this chapter, the council shall publish notice for three weeks consecutively, in a newspaper of general circulation in the corporation, that such assessment has been made, and that it is on file in the office of the clerk for the inspection and examination of persons interested therein."

Sec 3848, GC, provides: "If any person objects to an assessment, he shall file his objections, in writing, with the clerk, within two weeks after the expiration of such notice, and thereupon the council shall appoint three disinterested freeholders of the corporation to act as an equalizing board."

The record discloses that the assessing board was appointed and made its report, and placed the same on file in the office of the clerk of the city of Cincinnati. Notice of the estimated assessment was published in the Cincinnati Daily Commercial Tribune three times, in accordance with law. The notice stated: "Said estimated assessment is now on file in the office of the Board of Rapid Transit Commissioners of the City of Cincinnati, Ohio, at the City Hall, in Cincinnati, Ohio, and also on file in the office of the Clerk of the City of Cincinnati, Ohio (City Auditor), for the inspection and examination of all persons interested therein."

Just how it could be claimed that this notice was defective under the law as to notice to the plaintiff we are unable to understand. The estimated assessment was not only filed with the city clerk, but was also filed with the board of rapid transit commissioners of the city of Cincinnati. The notice states that it was so filed for the inspection and examination of all persons interested therein.

Under §3848, GC, the plaintiff was required to file any objections in writing with the clerk within two weeks after the expiration of the notice. Had the plaintiff objected by filing its written objection, either with the board of rapid transit commissioners or with the city clerk, within two weeks, it would have required the appointment of an equalization board to consider the objections made.

Clearly, under the law, the plaintiff had the notice required by the statutes, and had the opportunity to make objections under the provisions of the law. This it failed to do, and did not within two weeks after the expiration of the notice in the paper, or at any other time, file, either with the board of rapid transit commissioners or with the city clerk, any objection. That to entitle it to equitable relief it must first have pursued its legal remedy, has clearly been decided by the Supreme Court of Ohio in the case of **Bashore v Brown, Treas., 108 Oh St, 18, 140 NE, 489.** The second paragraph of the syllabus reads: "The provisions of §1214, GC, giving the owner the right to file such objections, and authorizing the board of county commissioners to change assessments so as to make the same just and equitable, furnish the owner an adequate remedy at law, which, if the proceedings are otherwise legal, he must pursue before resorting to a court of equity for relief."

The court in the opinion in Bashore v Brown, Treas, at page 23, cites with approval and quotes the following from the case of San Joaquin, etc., Irrigation Co. v County of Stanislaus, 155 Cal., 21, 99 P., 365: "It is held that while the 'rule that a party must exhaust all his legal remedies before he is entitled to redress in a court of equity * * * has application generally to legal remedies enforceable in an action at law,' it is equally applicable 'so as to require parties who are afforded by statute an opportunity to obtain adequate relief by application to a legislative or administrative municipal body, like a board of supervisors, with reference to the very matter of which they complain in an action in equity, to seek that relief from such body before being permitted to maintain an equitable action for the purpose'."

That the failure to file written objections constitutes a waiver of the right to question the assessment in a court of equity under §12075, GC, is again held to be the law of Ohio in the case of **City of Cuyahoga Falls v Beck, 110 Oh St, 82, 143 NE, 661.**

Counsel for plaintiff cites the case of

Farber v City of Toledo, 104 Oh St, 196, 135 NE, 533, to sustain their claim that the notice was not sufficient. This case is distinguishable for the reason that the notice required inspection, examination of the plans and profiles. No such requirement is in the notice in question.

The notice in question is that the estimated assessment, which, of course, means the amount of the assessment, is on file for the inspection of the persons interested in the instant case. However that may be, the Supreme Court cases above referred to are much later, and if they are in conflict with the decision in Farber v City of Toledo the later decisions will control.

It being shown that the proceedings of council and the assessing board were in accordance with law, that all legal notices required to be given were published, that no complaint was filed by plaintiff, the plaintiff is not in a position to secure relief in a court of equity.

Petition dismissed.

CUSHING and ROSS, JJ, concur.