MORTON v CINCINNATI (city) et

Ohio Appeals, 1st Dist, Hamilton Co

No 5529. Decided January 16, 1939

fact from the court of common pleas of Hamilton county.

The action is to enjoin a street assessment. There is no claim that any procedural requirement was omitted by the city officials. The ground alleged for enjoining the collection of the assessment is that it is confiscatory and in violation of (1) the constitution of the United States, (2) the laws of Ohio limiting special assessments to the benefits conferred and (3) the law limiting the assessment to one-third of the value of the property so assessed.

It is admitted that the plaintiff failed to file objections to the assessment under the provisions of §3848, GC. This failure precludes him from raising the issue that the assessment exceeds one-third of the value of the property. **Morton v Cincinnati, 55 Oh Ap, 474,** 9 N. E. (2d) 993; **Oker Sons Co. v Cincinnati, 45 Oh Ap, 466,** 187 N. E. 314; **28 O. Jur., 837** et seq.; **Cuyahoga Falls v Beck, 110 Oh St, 182,** 143 N. E., 661.

This leaves the one question of whether the city has attempted confiscation of the plaintiff's property in violation of the "Due Process" clause of the State Constitution and the 14th Amendment of the Federal Constitution. In deciding this question, we are required to presume that the actions of administrative officers were free from wrong, illegality, collusion, and fraud. **82 O. Jur., 841.** And the court would not be justified in setting aside the administrative finding of the amount of the benefit "unless the amount of such excess is substantial and material, nor unless the fact of such excess is clearly and convincingly shown." **28 O. Jur., 835.**

Jos. T. Harrison, Cincinnati, for appellant.
John D. Ellis, Cincinnati, for appellees.

Two witnesses equally credible testified to the amount of the benefits resulting from this improvement. One, the witness for the city, placed the increased value of the lot at $427.50; the other, the witness for the plaintiff, on cross-examination, placed it at $225. The assessment was $221.66. It is clear that the plaintiff has presented no case for judicial intervention.

For these reasons, the court finds for the defendants and dismisses the plaintiff's petition.

**OPINION**

By MATTHEWS, J.
This is an appeal on questions of law and

ROSS, PJ, & HAMILTON, J., concur.